Kit M. Stetina (SBN 82,977)
Stephen Z. Vegh (SBN 174,713)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371

Attorneys for Plaintiff
THIRTY THREE THREADS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THIRTY THREE THREADS, INC., a California corporation <br><br>     Plaintiff <br><br> vs. <br><br> BALEAF SPORTS, a California unknown entity; and DOES 1-10, inclusive <br><br>     Defendants | Case No. **'16CV2500 MMABLM** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NOS. 7,346,935 AND D707,036** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Thirty Three Threads, Inc., formerly known as Toesox, Inc. (hereinafter "Plaintiff"), for its Complaint against Baleaf Sports, states and alleges as follows:

### PARTIES

1.    Plaintiff, Thirty Three Threads, Inc., formerly known as Toesox, Inc., is a corporation organized and existing under the laws of the State of California, and

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

having a principal place of business at 1330 Park Center Drive, Vista, California 92081.

2.     Upon information and belief, Defendant Baleaf Sports (hereinafter "Baleaf") is a California entity of unknown origin, and having a principal place of business at 5426 ½ Temple City Blvd., Temple City, California 91780.

3.     The true names and capacities of the Defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as herein alleged.  Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE Defendants have been ascertained.  Baleaf and DOES 1 through 10 are hereinafter collectively referred to as "Defendants".

4.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

5.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants has acted in concert and participation with each other concerning each of the claims in this Complaint.

6.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants were empowered to act as the agent, servant and/or employees of each of the other Defendants, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants.

## JURISDICTION AND VENUE

7.     This action, as hereinafter more fully appears, arises under the patent laws of the United States of America (35 U.S.C. §§1 *et seq.*), and is for patent infringement.  Jurisdiction for all counts is based upon 28 U.S.C. §§1331, 1338(a)

and (b).

8.     Venue is proper under 28 U.S.C. §§1391(b) and (c) as Defendants have committed acts of infringement in this judicial district.

## BACKGROUND OF THE CONTROVERSY

9.     On March 25, 2008, United States Patent No. 7,346,935 entitled "Stretchable High Friction Socks" ("the '935 patent") was duly and legally issued to Joe Patterson. Plaintiff is the record owner by assignment of the '935 patent with full and exclusive right to bring suit to enforce this patent. A true and copy of the '935 patent is attached hereto as Exhibit A.

10.     On June 17, 2014, United States Patent No. D707,036 entitled "Sock" ("the '036 patent ") was duly and legally issued to Joe Patterson.  Plaintiff is the record owner by assignment of the '036 patent with full and exclusive right to bring suit to enforce this patent.  A true and correct copy of the '036 patent is attached hereto as Exhibit B.

11.     Collectively, the '935 and '036 patents shall be referred to herein as the "patents-in-suit".

12.     The '935 and/or '036 patents relate generally to foot apparel, including a woven sock having a multitude of high friction buttons arrayed around the bottom thereof.

13.     Plaintiff has extensively marketed and promoted a yoga sock covered by the '935 patent under the brand ToeSox for approximately 10 years.

14.     Plaintiff is informed and believes that it has marked its ToeSox products with the '935 Patent throughout this period.

15.     Plaintiff has extensively marketed and promoted a yoga sock covered by the '036 patent under the brand ToeSox for approximately 3 years.

16.     Plaintiff is informed and believes that it has marked its ToeSox products with the '036 Patent throughout this period.

17.     The advertising channels through which Plaintiff marketed and

*1*
*2*
*3*
*4*
*5*
*6*
*7*
*8*
*9*
*10*
*11*
*12*
*13*
*14*
*15*
*16*
*17*
*18*
*19*
*20*
*21*
*22*
*23*
*24*
*25*
*26*
*27*
*28*

**S T E T I N A  B R U N D A  G A R R E D  &  B R U C K E R**
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

promoted the yoga socks covered by the patents-in-suit includes journals, magazines, and tradeshows, amongst others, that reach a nationwide audience of retailers and customers having an interest in yoga, pilates, and other active lifestyle products and services.

18.    Prior to the initial filing of the instant action, Plaintiff purchased from Defendants a yoga sock.  Defendant's yoga sock appears to be sold under the product name "Baleaf Grip Toeless Yoga Pilates Barre Socks" (hereinafter "the Accused Product").   A true and correct photocopy of the yoga sock Accused Product is attached hereto as Exhibit C.  Defendants are also selling the Accused Product through Amazon.com.  True and correct printouts of the Accused Products on Defendant's website  www.baleaf.com  and  on  Amazon.com's  website  are  also included in Exhibit C.

19.    The Accused Product  identified in Exhibit C is a woven sock made from an elastic, stretchable knit material forming tubular ankle and foot portions, with the foot portion including toe, ball and heel sections.  The foot portion has five forward projecting seamless, stretchable toe tubes.  The Accused Product also has a multitude of high friction buttons arrayed under the bottom and adhered to at least the bottom of the toe, ball, and heel sections.

20.    The Accused Product is a copy of Plaintiff's own Toesox yoga sock product and the inventions disclosed in the patents-in-suit.  The Accused Product infringes at least claim 1 of the '935 Patent.  The Accused Product further infringes the design claim for a sock as set forth in the '036 Patent and the ornamentation identified in Figs. 1-7 thereto.

21.    Based on the level of copying by the Accused Product of the features disclosed in the patents-in-suit as embodied in the Toesox yoga sock, it may be inferred that Defendant clearly had knowledge of Plaintiff's ToeSox product prior to the institution of this action.

22.    In view of the Accused Product being a copy of the ToeSox yoga sock, it

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926636
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

may also be reasonably inferred that Defendant had actual notice of the patents-in-suit, including the '935 Patent and '036 Patent markings on the ToeSox product prior to the institution of this action.

23.    By its copying of the ToeSox product and selling it to customers and retailers in the United States, it may be inferred that Defendant knew the technology embodied by the ToeSox product would be valuable in the U.S. marketplace.

24.    Defendants' Accused Product has no non-infringing use as it is solely intended to be worn as foot apparel, including as a yoga sock.  Defendant knows the Accused Product is especially made or adapted solely for an infringing use.

25.    Defendants have been and are infringing the '935 and/or '036 patents by making, using, offering for sale, selling and/or importing the sock product. Defendants' acts of infringement have occurred within this district and elsewhere throughout the United States.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement of U.S. Patent No. 7,346,935)

26.    Plaintiff realleges and repeats the allegations of paragraphs 1-25 above.

27.    Plaintiff is the owner of all right, title and interest to United States Patent No. 7,346,935 entitled "Stretchable High Friction Socks".  A true and correct copy of the '935 patent was duly and lawfully issued on March 25, 2008 and is presently valid and in full effect.

28.    Upon information and belief, Defendants have been and are infringing the '935 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing and/or offering for sale products that infringe one or more of the claims of the '935 patent.

29.    Upon information and belief, Defendants are contributorily infringing the '935 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing, or offering for sale in the United States materials for use in practicing the inventions set forth in the '935 patent, that they

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

know to be especially made or especially adapted for use in infringement of the invention embodied in the '935 patent. Upon information and belief, these materials have no substantial non-infringement use in commerce.

30.     Upon information and belief, Defendants are inducing infringement of the '935 patent within this district and elsewhere in the United States by instructing in the use of materials that infringe one or more of the claims of the '935 patent, as evidenced in amongst others Defendant's marketing and promotional materials, including but not limited to those depicted in Exhibit C.  In view of Defendant's prior knowledge of Plaintiff's Toesox product and the patents-in-suit, as well as the effect the offering for sale and sale of the Accused Product would have on the marketplace and Plaintiff's business, Defendant specifically intended through its instruction in the use of the Accused Product for third parties to infringe the '935 Patent and knew that the sale of the Accused Product would result in activities by third parties that would constitute the infringement of the '935 Patent.

31.     Upon information and belief, by the acts of patent infringement herein complained of, the Defendants have made substantial profits to which they are not equitably entitled.

32.     By reason of the aforementioned acts of the Defendants, the Plaintiff has suffered great detriment in a sum which exceeds this Court's jurisdictional amount, but which cannot be ascertained at this time.

33.     Upon information and belief, Defendants continue to infringe Plaintiff's '935 patent, and will continue to infringe Plaintiff's '935 patent to Plaintiff's irreparable harm, unless enjoined by this Court.

34.     Upon information and belief, Defendants have been aware of the issuance of the '935 Patent and any past and continuing infringement of the '935 patent by Defendants has been and will be willful, entitling Plaintiff to enhanced damages.

35.     Plaintiff realleges and repeats the allegations of paragraphs 1-34 herein.

36.     Plaintiff is the owner of all right, title and interest to United States Patent No. D707,036 entitled "Sock".  A true and correct copy of the '036 patent was duly and lawfully issued on June 17, 2014 and is presently valid and in full effect.

37.     Upon information and belief, Defendants have been and are infringing the '036 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing and/or offering for sale products that infringe one or more of the claims of the '036 patent.

38.     Upon information and belief, Defendants are contributorily infringing the '036 patent within this district and elsewhere in the United States by making, using, selling, importing, distributing, or offering for sale in the United States materials for use in practicing the inventions set forth in the '036 patent, that they know to be especially made or especially adapted for use in infringement of the invention embodied in the '036 patent. Upon information and belief, these materials have no substantial non-infringement use in commerce.

39.     Upon information and belief, Defendants are inducing infringement of the '036 patent within this district and elsewhere in the United States by instructing in the use of materials that infringe one or more of the claims of the '036 patent, as evidenced in amongst others Defendant's marketing and promotional materials, including but not limited to those depicted in Exhibit  C.  In view of Defendant's prior knowledge of Plaintiff's Toesox product and the '036 Patent, as well as the effect the offering for sale and sale of the Accused Product would have on the marketplace and Plaintiff's business, Defendant specifically intended through its instruction in the use of the Accused Product for third parties to infringe the '036 Patent and knew that the sale of the Accused Product would result in activities by third parties that would constitute the infringement of the '036 Patent.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 926656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

40.     Upon information and belief, by the acts of patent infringement herein complained of, the Defendants have made substantial profits to which they are not equitably entitled.

41.     By reason of the aforementioned acts of the Defendants, the Plaintiff has suffered great detriment in a sum which exceeds this Court's jurisdictional amount, but which cannot be ascertained at this time.

42.     Upon information and belief, Defendants continue to infringe Plaintiff's '036 patent, and will continue to infringe Plaintiff's '036 patent to Plaintiff's irreparable harm, unless enjoined by this Court.

43.     Upon information and belief, Defendants have been aware of the issuance of the '036 Patent and any past and continuing infringement of the '036 patent by Defendants will be willful, entitling Plaintiff to enhanced damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.     A judgment that Defendants have infringed, contributorily infringed, and/or induced infringement of the patents-in-suit;

B.     A judgment that Defendants' infringement of the patents-in-suit has been willful;

C.     A preliminary and permanent injunction, pursuant to 35 U.S.C. §283, enjoining Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement or inducement of infringement of the patents-in-suit;

D.     An order, pursuant to 35 U.S.C. §284, awarding Plaintiff damages adequate to compensate Plaintiff for Defendants' infringement of the patents-in-suit, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E.     An order, pursuant to 35 U.S.C. §284, trebling all damages awarded to Plaintiff based on Defendants' willful infringement of the patents-in-suit;

F.     An order, pursuant to 35 U.S.C. §285, finding that this is an exceptional

case and awarding to Plaintiff its reasonable attorneys' fees incurred in this action; and

G. That Plaintiff have such other and further relief that the Court may deem just and proper.

Dated: October 6, 2016        STETINA BRUNDA GARRED & BRUCKER

By: /s/Kit M. Stetina

Kit M. Stetina
Attorneys for Plaintiff
THIRTY THREE THREADS, INC.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

## DEMAND FOR JURY TRIAL

Plaintiff, Thirty Three Threads, Inc. hereby demands a jury trial in this action.

Dated:  October 6, 2016        STETINA BRUNDA GARRED & BRUCKER


By: /s/Kit M. Stetina_____
    Kit M. Stetina
    Attorneys for Plaintiff
    THIRTY THREE THREADS INC.